## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 2:19-cr-8 |
| | ) | |
| NOAH LANDFRIED, MICHEL | ) | |
| CERCONE, and ANTHONY SMITH, | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM ORDER

This is a multi-defendant drug trafficking conspiracy and money laundering case. Three of those defendants—Noah Landfried, Michel Cercone, and Anthony Smith—are set to go trial on December 6, 2021. Presently before the Court are two motions filed by Mr. Smith challenging the admissibility of certain anticipated evidence. ECF 3067; ECF 3073. The government opposes the motions and seeks the admission of the challenged evidence for the reasons set forward in its responses. *See* ECF 3081; ECF 3084. After careful consideration of the parties' arguments, Mr. Smith's motions are denied without prejudice.

**Prior conviction.** Mr. Smith first seeks to exclude evidence of his prior federal drug-trafficking conviction. ECF 3073. According to Mr. Smith, the government has not identified a proper 404(b) purpose (*i.e.*, non-propensity purpose) for the admission of this conviction or explained how the conviction would be relevant to that purpose. ECF 3092, p. 3. The Court does not agree.

Federal Rule of Evidence 404(b)(1) provides "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." But that evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).

- 1 -

The Third Circuit has established "a four-part test to determine whether prior-acts evidence is admissible under Rule 404(b)." *United States v. Garner*, 961 F.3d 264, 273 (3d Cir. 2020) (citations omitted). "Such evidence is admissible if it is: (1) offered for a non-propensity purpose; (2) relevant to that identified purpose; (3) sufficiently probative under Rule 403 so its probative value is not outweighed by any inherent danger of unfair prejudice; and (4) accompanied by a limiting instruction, if requested." *Id.* (cleaned up). "All this really means is that such evidence must have a non-propensity purpose and satisfy the same relevancy requirements as any other evidence." *United States v. Davis*, 726 F.3d 434, 441 (3d Cir. 2013).

"In proffering such evidence, the government must explain how it fits into a chain of inferences—a chain that connects the evidence to a proper purpose, no link of which is a forbidden propensity inference." *Id.* at 442. "And then the district court, if it admits the evidence, must in the first instance, rather than the appellate court in retrospect, articulate reasons why the evidence also goes to show something other than character." *Id.* (cleaned up).

The government has met its burden of demonstrating the admissibility of Mr. Smith's prior drug-trafficking conviction. The government seeks to admit this evidence to establish, among other things, knowledge, opportunity, motive, and intent.[1] The Third Circuit has held that convictions like Mr. Smith's are admissible in later prosecutions for drug trafficking offenses for the same purposes advanced by the government here.

For example, the government represents that it will use Mr. Smith's conviction to show that he knew how to operate a drug-trafficking business and specifically knew

---

[1] The government also claims that it will use this evidence to corroborate the testimony of cooperating witnesses and to impeach Mr. Smith, should he testify. Because this predicate testimony has not yet been offered, the Court does not factor these other purposes into its present analysis.

Case 2:19-cr-00008-NR   Document 3097   Filed 11/19/21   Page 3 of 7

how to introduce narcotics into prisons.  ECF 3084, p. 2.  The Third Circuit has held that a prior drug-trafficking conviction can be used to establish that the defendant "had personal knowledge about how to identify [a narcotic], and how to package, price, and purchase it[.]"  *United States v. Garner*, 961 F.3d 264, 274 (3d Cir. 2020).  In short, this prior conviction could show that Mr. Smith "had the intent and knowledge to sell" any drugs in his possession, and "intent and knowledge are critical to proving a conspiracy."  *Id.*

The government also states that it intends to use Mr. Smith's prior conviction to establish how he met other co-conspirators.  ECF 3084, pp. 2-3.  Once again, the Third Circuit has held that a defendant's "participation in a prior drug conspiracy is probative of his knowledge of, and relationship with a member of, a later drug conspiracy."  *United States v. Vega*, 285 F.3d 256, 263 (3d Cir. 2002).

Finally, the government seeks to use the prior conviction to establish his intent to distribute any drugs in his possession.  ECF 3084, p. 3.  As the Third Circuit has explained, "past distribution is relevant to prove intent to distribute in a later distribution trial, even to the extent of admitting prior convictions as well as uncharged conduct."  *United States v. Jackson*, 619 F. App'x 189, 193 (3d Cir. 2015) (citing *United States v. Lee*, 573 F.3d 155, 166-67 (3d Cir. 2009)).

In sum, the government has proffered evidence of Mr. Smith's prior drug-trafficking conviction "for non-propensity purposes," including to help establish knowledge, opportunity, and intent.  *United States v. Gardenhire*, No. 15-87, 2017 WL 1355151, at *6 (W.D. Pa. Apr. 13, 2017) (Fischer, J.).  These are all relevant to establishing the elements of the charge against Mr. Smith, especially if he contends at trial that "he was either unaware of the drug distribution activities of other members of the conspiracy or that his mere association with those individuals or knowledge of their activities would not be sufficient to form a conspiratorial

- 3 -

agreement." *Id.* (citation omitted); *see also United States v. Moffitt*, 601 F. App'x 152, 155 (3d Cir. 2015) ("The two prior convictions the Government introduced were for possession with intent to distribute and possession with intent to deliver controlled substances.  Given that Moffitt challenged his intent to participate in the drug distribution scheme in this case, it was not an abuse of discretion for the District Court to determine that his past acts of drug distribution were relevant to whether he had that intent here.").[2]

The Court also finds that any prejudice to Mr. Smith caused by the admission of a single prior conviction for conspiring to distribute heroin does not substantially outweigh the probative value of the evidence.  *See Gardenhire*, 2017 WL 1355151, at *6.  As discussed above, Mr. Smith's knowledge and intent are crucial elements to the charges against him and, as far as the Court is aware, will be at issue.  "[W]hen evidence is highly probative, even a large risk of unfair prejudice may be tolerable."  *United States v. Cross*, 308 F.3d 308, 323 (3d Cir. 2002).

That said, the Court will consider providing an appropriate limiting instruction to the jury.  The parties must confer and raise their proposed instruction on the appropriate use of this evidence at the upcoming pretrial conference on November 23, 2021.

**Evidence of alleged flight.**  Mr. Smith also seeks to exclude evidence of his alleged "flight/hiding out/refusal to turn himself in following the return of the federal indictment, the filing of a federal supervised release violation petition, and the

---

[2] Mr. Smith has not represented to the Court that he will not claim "a lack of knowledge of how drug trafficking operations work, that he was present but did not know what his co-defendants were doing, or that drugs found in the possession of his co-defendants were for personal use."  *United States v. Arrington*, No. 09-78, 2012 WL 1068173, at *3 (M.D. Pa. Mar. 28, 2012).  Nor has he represented that he will concede his familiarity with his co-conspirators.  Without such representations, the evidence of Mr. Smith's prior conviction is clearly relevant.  *See id.*

issuance of corresponding federal arrest warrants." ECF 3092, pp. 7-8 (cleaned up). The Court agrees that, at this point, the government has not laid a proper foundation for the admissibility of this evidence. However, the Court cannot definitively conclude that the government will be unable to do so at trial, and so it will deny Mr. Smith's request without prejudice.

Evidence of flight can in some cases be admissible to suggest consciousness of guilt. *See United States v. Pungitore*, 910 F.2d 1084, 1151 (3d. Cir. 1990). But as Mr. Smith correctly points out, the government has not yet been able to show that "Mr. Smith had actual knowledge that he was the subject of the Superseding Indictment, a petition alleging a violation of supervised release, or an arrest warrant[.]" ECF 3092, p. 9. Courts "measure the relevance and probative value of evidence tending to show consciousness of guilt by examining the degree of confidence with which four inferences can be drawn: (1) from the defendant's behavior to flight; (2) from flight to consciousness of guilt; (3) from consciousness of guilt to consciousness of guilt concerning the crime charged; and (4) from consciousness of guilt concerning the crime charged to actual guilt of the crime charged." *United States v. Heath*, No. 10-565, 2010 WL 11537575, at *2 (E.D. Pa. Dec. 8, 2010) (cleaned up).

Since the government has not yet demonstrated that Mr. Smith knew he was charged with a crime, being summoned to court, or subject to an arrest warrant, the Court does not have a high degree of confidence in any inference of guilt that would be drawn from the fact of his alleged flight. That's because Mr. Smith's knowledge of those facts is a prerequisite to connecting his flight to a consciousness of guilt. *See United States v.* Green, 25 F.3d 206, 210 (3d Cir. 1994) (finding no abuse of discretion in admitting evidence of flight where "there was evidence that [postal inspector] had told [defendant] that a warrant for his arrest had issued in connection with the telephone threats"). If the government can offer this foundational evidence of

knowledge, the evidence of flight would likely be admissible.  Until it does, however, the Court will not allow the evidence of Mr. Smith's alleged flight to be admitted.

**Text messages.**  Finally, Mr. Smith seeks to exclude 32 pages of text messages preliminarily identified as Exhibit G-30. ECF 3068.

The crux of Mr. Smith's objection to this exhibit is that "the Government intends to proffer a witness, not a party to these texts, to opine about what may be the subject of these texts—*i.e.*, the particular drug allegedly involved."  ECF 3068, p. 2.  But that's not what the government says.  In its response, the government stated that it "does not intend to present expert testimony interpreting the statements in Exhibit 30."  ECF 3081, p. 5.  Rather, the government intends "to present expert testimony about common practices and coded language used by drug dealers inside and outside prisons in Western Pennsylvania as well as beyond Western Pennsylvania."  *Id.*  Such testimony is admissible under Third Circuit precedent.  *E.g.*, *United States v. Price*, 458 F.3d 202, 212 (3d Cir. 2006) ("It is well established that experts may describe, in general and factual terms, the common practices of drug dealers.  Expert testimony is admissible if it merely supports an inference or conclusion that the defendant did or did not have the requisite *mens rea*, so long as the expert does not draw the ultimate inference or conclusion for the jury and the ultimate inference or conclusion does not necessarily follow from the testimony." (cleaned up)); *United States v. Davis*, 397 F.3d 173, 178-79 (3d Cir. 2005) (finding no error where district court allowed expert testimony that "concerned the methods of operation for drug traffickers in the South Philadelphia area, a topic [that] is a suitable topic for expert testimony because it is not within the common knowledge of the average juror" (citation omitted)).  It will be up to the jury to determine the weight to give this testimony, and the parties are free to argue how the statements in the exhibit should be interpreted based on it.

Thus, the Court will deny this request without prejudice.  The Court will permit Mr. Smith to raise any objections he may have at trial about the scope of any proffered expert testimony in this area.

\*      \*      \*

**AND NOW**, this **19th day of November, 2021**, upon consideration of Mr. Smith's motions *in limine* to exclude proposed Exhibit G-30 (ECF 3067) and to exclude evidence of non-charged conduct and prior conviction (ECF 3073), it is hereby **ORDERED** that Mr. Smith's motions are **DENIED** without prejudice.

BY THE COURT:


*/s/ J. Nicholas Ranjan*
United States District Judge

- 7 -